```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

JONES                                        CIVIL ACTION

VERSUS                                       NO: 08-1359

AUTO CLUB FAMILY INSURANCE                   SECTION: R(4)
COMPANY
```

## ORDER AND REASONS

Before the Court is defendant Auto Club Family Insurance Company's ("Auto Club") unopposed motion for summary judgment. (R. Doc. 8.) For the reasons stated below, defendant's motion is GRANTED.

## I. BACKGROUND

Defendant Auto Club provided homeowner's insurance under policy no. P3-085229-1 for Anthony Jones' New Orleans, Louisiana residence which sustained severe damage from Hurricane Katrina. In August 2008, Jones, though his representative, and Auto Club participated in a mediation of Jones' claim and reached a settlement agreement. In the settlement agreement, Auto Club

agreed to pay Jones $17,500 to settle all of Jones' claims under his homeowner's policy with two exceptions.  Jones reserved the right to seek recovery under two circumstances:  i) "for damage to the Property proximately caused by the breached levees and levee walls along the 17th Street Canal, London Avenue Canal and/or Industrial Canal, in and around the City of New Orleans caused by the defective construction, design, or maintenance of the MRGO, or otherwise caused by a negligent act, on or about August 29, 2005, which Policyholder contends is not excluded in the [Auto Club] policy (as contended by plaintiffs in *Gladys Chehardy, et al v. Louisiana Commissioner J. Robert Wooley, et al*, Civil Action Nos. 06-1672, 06-1673, and 06-1674 consolidated under *In Re: Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182 Section 'K');" and ii) "for the face value stated in the [Auto Club] policy issued to Policyholder, in a case of total loss of the dwelling, pursuant to the Policyholder's contention that Louisiana's Valued Policy Law, La. Rev. Stat. § 23:695, authorizes such recovery (as contended by plaintiffs in *Genevieve Williams, et al v. State Farm Fire and Casualty Company, et al*, Civil Action No. 06-2919."  Jones signed and notarized the agreement and partial release on May 13, 2008.  Auto Club, though its authorized representative, signed the agreement on July 1, 2008.

Plaintiff and others filed suit against Auto Club in Civil District Court for the Parish of Orleans, State of Louisiana, and the case was removed to the Eastern District under 28 U.S.C. §§ 1441 and 1446.  Soon after, plaintiff's individual claim was severed and Jones filed an amended and supplemental petition for damages alleging violations of La. Rev. Stat. §§ 22:695, 22:258 and 22:1220.

Defendant seeks summary judgment on two grounds:  i) that the settlement agreement precludes all Jones' claims except those specifically reserved in the agreement; and ii) that Jones cannot recover as a matter of law on any of his reserved claims.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that

there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**III.  ANALYSIS**

**A.  Claims Compromised by the Settlement Agreement**

The Court finds that all Jones' claims under the Auto Club policy not specifically reserved in the settlement agreement are compromised under Louisiana law.  Louisiana Civil Code article 3071 states: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."  The compromise must be "in writing or recited in open court," La. Civ. Code Art. 3072, and "settles only those

differences that the parties clearly intended to settle." La. Civ. Code Art. 3076. A valid compromise "precludes the parties from bringing a subsequent action based upon the matter that was compromised." La. Civ. Code. Art. 3080.

Here, the straightforward requirements of a valid compromise are met for the claims not specifically reserved by Jones. Jones' and Auto Club's intent to reach a partial settlement is plain from the parties' settlement agreement. The agreement, titled "Settlement Agreement and Partial Release," is signed by plaintiff and releases Auto Club from "any and all claims or causes of action arising out of Hurricane Katrina...except those claims that are subject to the Reservation of Rights" in exchange for $17,500.00 dollars. The agreement covers claim #P3-085229-1, the policy assigned to Jones' New Orleans, Louisiana home that is the subject of this lawsuit. Since Jones' "signed a transaction clearly stat[ing] that []he was making a final settlement and which plainly warned that it was a release" his later filed lawsuit concerning the same claim is barred under Louisiana law except for those claims specifically reserved in the agreement. *Alford v. Al Copeland Investements, Inc.*, 794 So.2d 52, 56 (La. Ct. App. 2001); *See Lay v. Holi Temporary Services,* 845 So.2d 488, 490 (La. Ct. App. 2003)("A compromise as between the interested parties, has a force equal to the authority of the

5

thing adjudged. Thus, a valid compromise may from the basis of a plea of res judicata.").

**B. Jones' Reserved Claims**

Defendant argues that, although plaintiff reserved two claims in his settlement agreement, the Court should dismiss the suit in its entirety because plaintiff cannot recover on either reserved claim as a matter of law. The Court agrees.

*i. Water/Flood Damage Exclusion*

Plaintiff's first reserved claim references the claim made in *In re Katrina Canal Breaches Consolidated Litigation* that the "water/flood damage" exclusion contained in most homeowner's insurance policies is ambiguous and allows for recovery of losses caused by the various levee breaches in the aftermath of Hurricane Katrina. These exclusions were found valid and unambiguous by the Louisiana Supreme Court in *Sher v. Lafayette Ins. Co.*, 988 So.2d 186 (La. 2008) and the 5th Circuit in *In re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191, 214 (5th Cir. 2007). Consequently, Jones' first reserved claim fails as a matter of law.

*ii. Total Loss under Louisiana's Valued Policy Law*

Plaintiffs second reserved claim references the argument made in *Williams v. State Farm Fire and Casualty Company*, No. 06-2919 that Louisiana's Valued Policy Law permits recovery for the

6

full face value of a policy when the property was not rendered a total loss by a covered peril.  The Court incorporates its opinion in *Chauvin v. State Farm Fire and Casualty Co.*, 450 F.Supp.2d 660 (E.D.La. 2006)(*aff'd* 495 F.3d 232 (5th Cir. 2007)) deciding that question in the negative.  In light of this Court's decision in *Chauvin*, plaintiff cannot recover on his second reserved claim.

Because Jones validly compromised all but two claims under his homeowner's policy with Auto Club, and Jones cannot recover on those claims as a matter of law, defendant is entitled to summary judgment.

## IV.  CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is GRANTED, and the case is DISMISSED.

New Orleans, Louisiana, this 22nd day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE